FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ SEP 06 2012 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

NOT FOR PUBLICATION

CATHERINE TOWNSEND,

                  Plaintiff,

-against-

NYCHA LAW DEPARTMENT,

                  Defendant.
----------------------------------------------------------------X

MEMORANDUM
AND ORDER
12-CV-4401 (ARR) (LB)

ROSS, United States District Judge:

On August 29, 2012, plaintiff Catherine Townsend, appearing *pro se*, filed this action against defendant, invoking the court's federal question jurisdiction, 28 U.S.C. § 1331. Plaintiff seeks monetary damages. The court grants plaintiff's request to proceed *in forma pauperis* solely for the purpose of this order and dismisses the complaint as set forth below.

## Background

Plaintiff alleges that defendant New York City Housing Authority's Law Department ("NYCHA") "made me submit to a mental evaluation" in connection with a state court housing dispute and left "embarrassing notes on my front door stating that I owe back rent. Allegations which are untrue." Compl. at 1-2. Plaintiff further alleges that "NYCHA does not come to my apt when repairs have to be done" and "has not addressed the court ordered repairs," including faulty electrical outlets in her living room and kitchen. *Id.* at 2. Plaintiff seeks a hearing and damages of $350,000 for "all the slander, defamation of character and intrusive behavior by NYCHA." *Id.*

## Standard of Review

In reviewing plaintiff's complaint, the court is mindful that "a *pro se* complaint, however

inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted). Nevertheless, the court must dismiss a complaint if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Furthermore, "[f]ederal courts are courts of limited jurisdiction and may not decide cases over which they lack subject matter jurisdiction." *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700 (2d Cir. 2000). The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 (2006). Section 1331 provides for "[f]ederal question" jurisdiction, and § 1332 provides for "[d]iversity of citizenship" jurisdiction. A plaintiff properly invokes § 1331 jurisdiction when she pleads a colorable claim "arising under" the Constitution or laws of the United States. She invokes § 1332 jurisdiction when she presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000. *See* § 1332(a). If the court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *accord Cave v. E. Meadow Union Free Sch. Dist.*, 514 F.3d 240, 250 (2d Cir. 2008). Here, plaintiff invokes the court's federal question jurisdiction pursuant to § 1331.

Discussion

Plaintiff's complaint is based entirely on her ongoing disputes with defendant over repairs to her apartment and other housing-related issues. It is clear, however, that "[f]ederal courts do not have subject-matter jurisdiction over landlord-tenant matters." *Rosquist v. St. Marks Realty Assoc., LLC*, No. 08-CV-2764 (NGG), 2008 WL 2965435, at *2 (E.D.N.Y. Aug. 1, 2008) (citing cases); *see also Southerland v. NYCHA*, No. 10-CV-5243 (SLT), 2011 WL 73387, at *2 (E.D.N.Y. Jan. 7,

2011); *Oliver v. NYCHA*, No. 10-CV-3204 (ARR), 2011 WL 839110, at *3 (E.D.N.Y. Mar. 2, 2011).

Although plaintiff alleges that she is disabled and that she cannot use "a chair prescribed to me by my doctor" "because [of] several faulty electrical outlets in my living room and kitchen," Compl. at 2, she does not allege that defendant discriminated against her based on her disability. Nor is there anything in the complaint to suggest that defendant violated plaintiff's constitutional rights or discriminated against plaintiff in violation of any federal statute. Even when accorded the most liberal reading, the complaint against defendant must be dismissed because plaintiff fails to state a claim that would confer jurisdiction upon this court pursuant to 28 U.S.C. § 1331.

## Conclusion

Accordingly, the complaint, filed *in forma pauperis*, is dismissed against defendant NYCHA Law Department for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). Any state law claims are dismissed without prejudice. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith; therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

S/Judge Ross

_____
Allyne R. Ross
United States District Judge

Dated: September 6, 2012
      Brooklyn, New York